UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SIN OK SEO,

          Plaintiff,

-against-

GOLD KEY CREDIT, INC.,

          Defendant.
------------------------------------------------------------X

*Class Action* **COMPLAINT**

CV-07 0398

GERSHON, J.
MANN, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 29 2007 ★

LONG ISLAND OFFICE

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Gold Key Credit, Inc., alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of Fair Credit Reporting Act, 15. U.S.C. § 1681 et seq ("FCRA") together with local law NY GBL § 349 for failing to accurately verify the consumers credit file and accurately report a consumers credit file.

### PARTIES

2. Plaintiff is a natural person residing in Queens County, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Brooksville, Florida.

### JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to Lutheran Medical Center as a result of an emergency room visit pertaining to a medical condition of the plaintiff.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That the defendant sent its initial dunning letter to the plaintiff on or about April 7, 2006. A copy of said letter is attached hereto and made part hereof.

9. Said letter is a mass produced, computer generated letter which fails to properly advise the consumer of her rights as same does not contain the proper validation notice under the FDCPA and appears contains language that overshadows the consumers right to dispute the debt.

10. Said letter reads in pertinent part:

    **You have not responded to our previous request for payment in full. Your failure to cooperate can only make matters worse.**

    **Please forward your payment in the enclosed envelope as soon as possible or call our office to arrange payment terms. We expect to hear from you within 10 days.**

    **As we previously stated, we report delinquent accounts to the credit bureaus. We recommend that you clear this account. Don't force us to take further collection activity.**

11. That said letter does not accurately represent the name of the actual creditor and falsely and inaccurately inflates the amounts allegedly owed and adds additional charges, namely an additional charge in the sum of $440.00 in addition to the "emergency room" charge of $272.00.

12. That upon information and belief, the Defendant unlawfully inflates the sums due to creditors in order to harass consumers and for their own monetary benefit.

13. That upon information and belief, Defendant had no previous communications with the plaintiff(s), yet falsely refers to a "previous request" for payment and "previous" statements pertaining to Defendant's interest in reporting plaintiff's credit and demands payment within in "10 days" despite the consumers right to dispute the debt for 30 days, in their initial communication.

14. Said language falsely and deceptively presumes that the consumer had previous communications and has waived her right to dispute the debt.

15. Said letter falsely and deceptively threatens to derogatorily report the consumers credit report in "10 days" if a payment is not made.

16. That the consumer disputes the validity of this debt and had never agreed to pay the full balance as assumed by the letter nor has the consumer agreed to enter into a payment arrangement as presumed by the language in said letter, but rather had disputed the debt since she had a medical plan that should have covered said costs.

17. That said letter contains language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

18. That the defendant intentionally and knowingly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

19. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that the representations made by the defendant are false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an

amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF SEO

21. Plaintiff realleges paragraphs 1 through 20 as if fully restated herein
22. That plaintiff received said letter dated April 7, 2006, as a result of the false representations and threats, and immediately contacted the Defendant in attempt to preserve her good credit and the alleged debt.
23. That on or about April 12, 2006, plaintiff contacted the Defendant by telephone to inquire about the debt and to dispute same and advise that plaintiff was covered under Medicaid.
24. That plaintiff requested that the Defendant's agent, one Mary, hold off on proceeding while the plaintiff was to get proof and authorization from Medicaid that the debt was invalid.
25. That Defendant's agent Mary advised the plaintiff that she must make a payment immediately so as to avoid the debt affecting her credit and promised that said payment would prevent her credit from being harmed by the Defendant.
26. That as a result of Defendant's threat, plaintiff made a payment in an effort to preserve and protect her credit despite the fact that the debt was under dispute.
27. That Defendant's agent further deceived plaintiff by falsely promising that any payments made by the plaintiff would be reimbursed.
28. That on or about May 5, 2006, Defendants agent placed another call to the plaintiff stating the same falsities and claiming that another payment was due in order to protect plaintiffs credit and plaintiff reiterated her dispute and advised the she would forward to the Defendant's agent information pertaining to her Insurance coverage in further dispute of the debt

29. That plaintiff had advised the defendant's agent on several occasions that the debt was in dispute and that defendant had failed to verify and the debt, or provide verification of the debt as per the FDCPA, but rather persisted in demanding payment from the plaintiff over threats of ruining her credit and requested that the plaintiff provide proof of her medical coverage.

30. That on or about May 10, 2006 though June 1, 2006, plaintiff exchanged documentation and several phone calls with the Defendant, and its agent, one Angie Graham, indicating that plaintiff was in fact covered for the alleged treatment that was the basis of the disputed debt. Copies are attached hereto and made part hereof.

31. That on or about July 1, 2006, the Defendant and or its agents began calling and harassing the plaintiff again and demanding payment, failing to provide verification of the debt and ignoring plaintiff's dispute and proof that the debt was invalid and that her medical expenses were to be covered by Medicaid.

32. That during the months of September and October of 2006, Defendants agents continued to call the plaintiff, excessively and approximately twice a day, and without just cause demanding payment for the alleged debt and falsely stating that the plaintiff was still responsible to pay the debt to them directly.

33. That the defendant intentionally and knowingly causes these false, misleading and threatening phone calls to threaten and harass consumers without accurately verifying the status of the debt and often knows that said debt has been paid off and/or is no longer valid.

36. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (g) and (f) in that communications the plaintiff and other practices as well as representations made by the defendant are false, misleading, deceptive, unfair and done in furtherance of harassing the plaintiff to coerce payment of a disputed and invalid debt, under duress and harassment.

37. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF SEO

38. Plaintiff realleges paragraphs 1 through 37 as if fully restated herein.
39. That the Defendant was on actual notice of the disputed debt as of April 12, 2006.
40. That the Defendant falsely promised that the a payment on April 12, 2006 would prevent the defendant from derogatorily affecting plaintiff's credit until that matter was further verified, and that plaintiff relied on said representation to make a payment on April 12 and again on May 5 in the total sum of $202.00.
41. That on or about May 10, 2006 the Defendant was on actual notice that the underlying debt should have been covered by plaintiff's medical provider and that plaintiff presented a valid dispute and defense to the debt.
42. That subsequent thereto and continuing to date, Defendant knowingly and falsely placed derogatory reports on plaintiff's credit file and caused her credit to suffer.
43. That as a result of Defendant actions, failing to verify the true status of the debt and knowingly reporting wrongful negative information on plaintiffs credit report, plaintiff has been damaged and continues be to be damaged by the Defendants wrongful action and inaccurate reporting.
44. That as per 15 U.S.C. § 1681 et seq. and NY GBL § 349 and as a result of the above violation, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages in an amount to be determined at the time of trial, and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

45. The first cause of action is brought on behalf of plaintiff and the members of a class.

46. The class consists of consumers who received the same form letter, as did the plaintiff.

47. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 7, 2006, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)  The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)  The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

51. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), g(2), e(5), e(10), and (f)

(a)  Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

(b)  Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

(c)  Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

**WHEREFORE**, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b) Statutory damages, actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the second cause of action.

(c) Statutory damages, actual damages and treble damages pursuant to 15 U.S.C. § 1681 *et seq.* and GBL 349 *et seq* in an amount to be determined at the time of trial on the third cause of action.

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

Dated: New York, New York
January 25, 2007

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

Department 850
PO BOX 4115
CONCORD CA 94524

**Gold Key Credit, Inc.**

P.O. Box 15670* Brooksville, FL 34604-0122
Toll Free (888) 720-8191 * (866) 711-4082 - Fax

April 7, 2006

Address Service Requested

#BWNFTZF #MGK1618219506044#

SIN SEO
43-24 165TH ST
APT 4D
QUEENS NY 11358-3209

Account Number: KO0779

GOLD KEY CREDIT, INC.
P.O. Box 15670
Brooksville, FL 34604-0122

---

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

| Creditor | Principal | Interest | Costs | Amt Owed |
|---|---|---|---|---|
| NES MEDICAL SERVICES NY | 440.00 | 0.00 | 0.00 | 440.00 |
| NES MEDICAL SERVICES NY | 287.00 | 0.00 | 0.00 | 287.00 |
| | 727.00 | 0.00 | 0.00 | 727.00 |

You have not responded to our previous request for payment in full. Your failure to cooperate can only make matters worse.

Please forward your payment in the enclosed envelope as soon as possible or call our office to arrange payment terms. We expect to hear from you within 10 days.

As we previously stated, we report delinquent accounts to the credit bureaus. We recommend that you clear this account. Don't force us to take further collection activity.

Sincerely,

Accounts Manager

For your convenience we may be able to accept payment on you account by the following methods: Visa, MasterCard, American Express, or Discover, Checks by Phone and Western Union.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

New York City Department of Consumer Affairs License Number: 1157335

*Handwritten notes:*
Orchard Bank. (Chris).
April. 12, 2006.
$127 —
Conf. #1016401

A.

MGKB2-407C203799-JVS4-8 6052

**FACSIMILE TRANSMITTAL SHEET**

TO: Gold Key Credit Inc.
FROM: Sin ok Seo
COMPANY:
DATE: 5/10/06
FAX NUMBER: 866-711-4082
TOTAL NO. OF PAGES INCLUDING COVER:
PHONE NUMBER:
SENDER'S REFERENCE NUMBER:
RE: I have been approved for Medicaid.
YOUR REFERENCE NUMBER:

☑ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

My acct # K00779

I have currently made 2 Payments to your comp. ① for $127 - on 4/13/06. & ② for $75 on 5/5. Medicaid has informed me that I will unable to receive reinbursment for partial payment. Please bill medicaid for full bill and if you can refund me my payments it would be most appriciated. I have attached my medicaid approval letter that I received in the mail 2 days ago. Please call me to update me.

646-417-3559

Thank You!

C

NOTICE OF ACCEPTANCE OF YOUR MEDICAL
ASSISTANCE APPLICATION


Human Resources Administration
Medical Assistance Program
MAP-2087 (E-S)    Rev. 08/23/05

Senrik Seo
43-24 165th St 4D
Queens NY 11357

DATE: 04/28/16
CASE NUMBER: 303569F
HOSP. ADMISSION DATE: 8/9/15

If you have any questions, call the HRA InfoLine at 877-472-8411.

Dear Consumer:

We are sending you this notice to tell you that the Medical Assistance Program will:

☑ ACCEPT your Medical application for FULL medical coverage from: 08/01/15 for the following persons: Senrik Seo

☐ ACCEPT your Medicaid application for the period: _____ to _____ to pay for medical bills in excess of your SPENDDOWN (Excess Income) for the following persons: _____

This:  ☐ includes inpatient Medicaid coverage       ☐ does not include inpatient Medicaid coverage

☐ ACCEPT your Medicaid application to pay for medical bills in excess of your SPENDDOWN (Excess Income) for the following persons: _____, when medical bills, which equal or exceed your excess income are submitted.

| We have determined your spenddown as follows: | |
|---|---|
| A. Total monthly income | $ |
| B. Total monthly deductions | $ |
| C. Net Medicaid income *(A minus B)* | $ |
| D. Medicaid level for your household size | $ |
| E. Monthly Spenddown *(C minus D)* | $ |

If your medical expenses equal or exceed the monthly Spenddown/Excess Income (line E) in any given month, Medicaid will pay those covered medical expenses incurred during the month which are more than your excess income amount. You can also receive inpatient Medicaid coverage if you have an (inpatient hospital) bill or other medical bills totaling more than $_____ (your excess income for six months). See the enclosed forms:

- MAP-931, **Explanation of the Excess Income Program**,
- MAP-931A, **Optional Pay-In Program** and
- MAP-2060, **Budget Explanation**.

This decision is based on Social Services Law or regulation: _____

WORKER _____    TITLE ESA    SECTION F3    HRA

If you had Medicaid in the past, you may use your old Medicaid card. If you no longer have your old card, please call the HRA Infoline and request a card replacement.

Regulations require that you immediately notify this department of any changes in needs, income, resources, living arrangements, or address.

**BE SURE TO READ THE ENCLOSED FORM MAP-2086B FOR YOUR RIGHTS ON HOW TO APPEAL THIS DECISION**

B

# GOLD KEY CREDIT, INC.

Guarantor _Seo Sin_

GKC Acct #: _KO 0779_ (include this number on all communications)

**Please be advised additional information is required to resolve your debt:**

____ Thank you for your letter of _____

____ **Ins Requested information** (attached) please reply to them & confirm with our office.

____ Provide the **auto claim #**, date of loss, insured name & Ins Co name & address. The claim # is not the policy #.

____ This is **not the hospital bill**, this is the bill for the E.R. Physicians & is separate from the hospital.

_X_ Provide a copy of the front & back of your **ins card**, be sure it includes the claims address & is legible. If you are sending more than one insurance card, please indicate which coverage is primary, secondary, etc. & how you have that insurance (i.e. through your employer, through your spouse's employer, etc)

____ The **identification number** you provided was not complete (__) Medicare ID #'s start or end with an alpha character. (__) Florida Medicaid ID #'s are 10 digits.

____ Provide Name, address, date of injury, claim # for your **work comp** insurance carrier. Please also include your employer's name.

____ Please provide a copy of __ your __ your insurance company's **cancelled check**, both front & back, so we may review the bank coding to track the payemnt & confirm receipt, please also include a copy of the explanation of benefits.

____ Provide a copy of the primary Ins Co's payment with the explanation of benefits (EOB), so we may bill the 2ndry insurance

____ Your insurance company sent us the statement you sent to them. They have requested billing on a standard HCFA 1500 form. We will be happy to send this, however, **require additional information** from you as follows: _____

____ You provided **multiple insurance cards**, please advise which insurance is primary, secondary, etc. & how you have each insurance (i.e. through your employer, through your spouse's employer, etc.)

____ The copy you sent did not include a **claims address or ID number**

____ The copy you sent was **not legible**, please send by mail as your copy is not faxing clearly.

____ The **first report of injury** for your work comp claim did not include either the insurance carrier name, address or the claim number or the employer name. Please provide this information, so we may submit your claim.

____ Please provide a copy of the letter showing that the hospital extended **charity** to you

____ Please provide a letter explaining your **financial hardship**, that your account may be reviewed

____ Please provide a **personal financial statement**, that your account may be reviewed, if you need a blank personal financial statement one can be obtained on the web at the following address: http://www.sba.gov/shaforms/sba413.pdf#search='financial%20statement%20form'

____ You have requested **validation of a debt**. Please note this debt is the result of a NSF/bounced check. Check number _____, payable to _____ on _____ which you should be able to review through your bank records. If you are alleging you did not write this check, we will need a copy of your police report to resolve this account. Please review your banking records and remit payment or provide a police report indicating identity or check book theft.

____ Please be advised that the physician does not automatically extend the same charity discount as the hospital

_X_ Return via U.S. Mail, in the enclosed envelope, with this letter to expedite.

____ Enclosed is your original correspondence, please include it with the additional information requested

____ Other _____

Your prompt attention is necessary in order to pursue your insurance. Although, we are working to assist you in having your insurance resolve this, please know this debt is due from you at this time. Thanking you in advance for your assistance.

_your ins ID number is needed to Bill Medicaid_

Sincerely,

Gold Key Credit, Inc.

D

P O. BOX 15670, BROOKSVILLE, FL 34674   1-866-711-4211

attn: Collections.
Case # KO 0779
866-711-4082





E

